IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEON DONALDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2649-L-BN |
| | § | |
| HILAND DAIRY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Robert Leon Donaldson filed a *pro se* complaint alleging employment claims. *See* Dkt. No. 3. And United States District Judge Sam A. Lindsay referred Donaldson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Donaldson's motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 7. And, in addition to his complaint, Donaldson has filed dozens of attachments to his complaint at an increasing rate with attachments now being filed nearly daily. *See* Dkt. Nos. 6, 10-69. But he has not filed any motions seeking leave to amend his complaint.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice as time barred.

**Legal Standards**

A district court is required to screen a civil complaint filed IFP (that is, without

payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention

and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

And for a complaint subject to judicial screening under 28 U.S.C. § 1915(e), if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis*

- 3 -

that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))) *see also Searcy v. Crowley Indep. Sch. Dist.*, No. 23-10776, 2023 WL 6393901, at \*1-2 (5th Cir. Oct. 2, 2023) (per curiam) (affirming district court dismissal of complaint on screening recommendation from magistrate based on failure to exhaust administrative remedies for claims under Title VII and Chapter 21 of Texas Labor Code).

### Analysis

Donaldson asserts that he worked for Borden Dairy from December 22, 2015 until he was fired on November 6, 2019. *See* Dkt. No. 3 at 5. He alleges that the official reason for his firing – either job abandonment or that he threw a water bottle at a co-worker – was a pretext and that he was fired because the senior human resources manager gave him an inappropriate hug. *See id.* at 4, 5. Donaldson does not assert any specific cause of action but asserts that the basis for federal question jurisdiction is sexual harassment and race discrimination. *See id.* at 3. So the Court construes the claims as being brought under Title VII.

Generally, an aggrieved person has 180 days to file a charge with the Equal Employment Opportunity Commission ("EEOC"), but that time is extended up to 300 days if a charge is initially filed with the state agency charged with authority to consider charges of unlawful employment practices. *See* 42 U.S.C. § 2000e-5(e)(1). "The time period generally begins to run when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992).

"To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). The purpose of exhaustion "is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)). Administrative exhaustion therefore "provides an opportunity for voluntary compliance before a civil action is instituted." *Id.*

Donaldson attaches a copy of an EEOC charge to his complaint, but it states that the initial inquiry date was February 21, 2025. *See* Dkt. No. 3 at 10. The charge states that the earliest date of the discrimination was November 6, 2019 and the latest date of the discrimination was August 22, 2022. *See id.* at 9. But there are no facts alleged in the complaint or the copy of the charge to explain what allegedly occurred on August 22, 2022, nearly three years after Donaldson's termination.

The charge indicates that Donaldson had not previously filed it with another agency. *See id.* at 10. He does state in his complaint that he filed with the Texas Workforce Commission ("TWC") after his termination in November 2019, but the EEOC charge indicates that he filed for unemployment. *See id.* at 5, 10.

But, even if August 22, 2022, was the date of an actionable adverse action and Donaldson did initially file a charge with the TWC so that the longer 300-day period applied, the latest possible date for Donaldson to file a timely charge would be

Tuesday, June 20, 2023. Although it does not reflect its actual filing date, it is clear that the charge attached to Donaldson's complaint was filed well after that deadline. *See id.* at 9-10.

And to the extent that Donaldson's complaint could also be construed as alleging claims under Chapter 21 of the Texas Labor Code, his claims would also be barred under the Labor Code. Texas law requires a claim to be filed with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE § 21.202(a).

And the Labor Code provides that a plaintiff may not bring a civil action under chapter 21 "later than the second anniversary of the date the [administrative] complaint relating to the action is filed." TEX. LAB. CODE § 21.256. So even assuming that Donaldson filed a discrimination complaint with the TWC relating to an alleged unlawful employment practice occurring on August 22, 2022 on the latest possible date for doing so, his deadline to bring a civil action under chapter 21 would have run on February 21, 2025, more than seven months before this complaint was filed.

But "a litigant is entitled to equitable tolling of a statute of limitations" "if he establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

A plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010

WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.'" (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Donaldson asserts that his claim should be equitably tolled because he did not "know anything about the EEOC," only the TWC, and because Borden filed for Chapter 11 bankruptcy in January 2020 "to try to cover up" the alleged inappropriate hug. *See* Dkt. No. 3 at 12. But the fact that Borden filed for bankruptcy would not have prevented Donaldson from filing a timely claim with the TWC or the EEOC, a bankruptcy stay at most would have affected the ability to prosecute that claim after it was filed. Further, the Borden bankruptcy case closed on December 28, 2021. *See In re Borden Dairy Co.*, No. 20-10010-CSS (Bankr. D. Del.).[1] It was reopened on April 8, 2022 for the limited purpose of considering an objection and closed again on May

---

[1] *In re Borden Dairy* is the lead case of multiple related bankruptcy filings in the United States Bankruptcy Court for the District of Delaware.

10, 2022. *See id.* So, even if the bankruptcy filing were a reason for equitable tolling, it does not explain Donaldson's delay in filing an EEOC charge until 2025. And the assertion that Borden declared bankruptcy as part of a cover up relating to Donaldson's potential employment claims is factually frivolous.

As to Donaldson's claim that he did not know about the EEOC, "courts in a long line of cases have held that employees' ignorance of the law … cannot justify [equitable] tolling." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

So Donaldson's complaint should be dismissed with prejudice as time-barred.

### Recommendation

The Court should dismiss the complaint with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

- 9 -

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 12, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE