IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT LEON DONALDSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:25-CV-2649-L-BN** |
| | § | |
| **HILAND DAIRY; BORDEN DAIRY;** | § | |
| **LANORA WYATT; NATE GLOSSER;** | § | |
| **and MICHAEL GREEN,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On March 12, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 72) ("Report") was entered, recommending that the court dismiss with prejudice this action and Plaintiff Robert Leon Donaldson's ("Plaintiff") federal and state employment law claims for sexual harassment and race discrimination. For the reasons that follow, the court **accepts** the Report and **overrules all** the objections and supplemental objections to the Report filed by Plaintiff, who is proceeding pro se and *in forma pauperis*.

In screening Plaintiff's pleadings, which consist of his Complaint (Doc. 1) and the dozens of attachments to his Complaint that were filed between October 1, 2025, and March 11, 2026 (Docs. 6, 10-46, 48-70), the magistrate judge liberally construed the pleadings as asserting claims under Title VII of the Civil Rights Act ("Title VII") and Chapter 21 of the Texas Labor Code and concluded that the claims fail as a matter of law because they are time-barred as a result of Plaintiff's delaying several years after his allegedly unlawful termination on November 6, 2019, before filing a charge with the Equal Employment Opportunity Commission ("EEOC") on February 21, 2025. The magistrate judge notes that the EEOC charge attached to Plaintiff's Complaint states that the earliest date of discrimination was November 6, 2019, when Plaintiff was

Order – Page  1

fired, and that the latest date of discrimination was August 22, 2022, approximately three years after Plaintiff was fired, but there are no facts alleged in the charge to explain what happened on this later date. Even using the later date to calculate Plaintiff's deadline to file a charge with the EEOC, the magistrate judge determined that the February 2025 charge was woefully untimely. The magistrate judge also notes that, while Plaintiff alleges in his Complaint that he also filed a charge with the Texas Workforce Commission ("TWC") after his termination in November 2019, his EEOC charge states that: (1) he had not previously filed a charge with another agency, and (2) the TWC charge pertained to his unemployment, not the claims asserted by him in this action.

The magistrate judge also rejected Plaintiff's assertion that his deadlines to file charges with the TWC or the EEOC were equitably tolled: (1) because he did not know about the EEOC; and (2) Borden Dairy filed a Chapter 11 bankruptcy proceeding in January 2020. The magistrate judge determined that Plaintiff's ignorance of the law is not a valid basis for tolling. The magistrate judge further determined that Plaintiff's assertion that Borden Dairy filed for bankruptcy "to try to cover up" the allegedly inappropriate hug on which his employment claim or claims are based is "factually frivolous,"[1] but, in any event, the bankruptcy would not have prevented him from timely filing a charge with the TWC or EEOC, and this does not explain why he delayed until 2025 to file an EEOC charge after the bankruptcy case concluded in December 2021. Doc. 72 at 7. The magistrate judge reasoned that, at most, the bankruptcy proceeding and stay would have only affected Plaintiff's ability to prosecute his claims after filing suit.

Plaintiff's deadline to file objections to the Report expired on March 30, 2026, seventeen days after the Report was mailed to him. *See* 28 U.S.C. § 636(b)(1)(C) (setting deadline of fourteen

---

[1] According to the Report, Plaintiff "alleges that the official reason for his firing—either job abandonment or that he threw a water bottle at a coworker—was a pretext and that he was fired because the senior human resources manager gave him an inappropriate hug." Doc. 72 at 4.

Order – Page 2

days after service of magistrate judge's report for filing objections); Fed. R. Civ. P. 72(b) (same); *see also* Fed. R. Civ. P. 6(d) (adding three days to deadlines when service is by mail). Plaintiff filed 29 separate objections to the Report consisting of 677 pages in total. (Docs. 73, 76-105). Plaintiff's objections to the Report were filed between March 12, 2026, and April 8, 2026, such that the objections filed after March 30, 2026, were not timely filed. Even considering the untimely objections, the court determines that Plaintiff's claims and this action should be dismissed for the reasons stated by the magistrate judge.

Most of Plaintiff's objections consist of repetitive assertions such as: "I never lived at this address around the Borden Dairy bankruptcy[.] I have my proof sir[.] I[']m still homeless going on for 7 years since Borden Dairy"; "I don[']t agree with Recommendations[.] I do agree with the Borden Dairy Reinstatement"; "I was misl[]ed by Borden Dairy employee Lorora Wyatts HR Manager at Borden Dairy 2109 and employee at Borden Dairy [indecipherable] Hiland Dairy Michael Green and Nate Glosser and the Borden Dairy bankruptcy"; "I don[']t agree with the time[-]barred case[.] I wanna [sic] file bankruptcy fraud against Borden Dairy and Borden Dairy employees"; "I don[']t agree with Magistrate Judge[.] I wanna [sic] file fraud concealment on Borden Dairy and Hiland Dairy [and employees]"; and "I never received the Borden Dairy bankruptcy letter[.] Borden Dairy had wrong address on file." *See id*.

The large majority of Plaintiff's objections repeats his assertion about wanting to bring a fraudulent concealment claim against all Defendants in this case. The bases for Plaintiff's objections appear on the first page of each objection. The reason his objections consist of so many pages is that he attached hundreds of pages of what appears to be artificial intelligence or AI-generated responses to his Google searches regarding various legal issues.

Order – Page 3

None of Plaintiff's assertions, however, is sufficient to rebut the magistrate judge's statute of limitations analysis and related determinations regarding the facts, law, or application of the law to the facts of this case as alleged by Plaintiff in his pleadings. Plaintiff's mere disagreement with the magistrate judge's recommendation is insufficient, and the relevance of most of his objections to the magistrate judge's statute of limitations and tolling analysis is not clear given the cryptic and conclusory nature of the objections. Further, even construing Plaintiff's assertions about wanting to allege bankruptcy fraud or fraudulent concealment claims against Defendants as a request for leave to amend his pleadings under Federal Rule of Civil Procedure 15(a) to add such claims, the factual bases for these claims and Plaintiff's reason(s) for wanting to allege the claims is not readily apparent.

Rule 15(a)[2] provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). A district court may also deny leave to amend if the plaintiff does not provide a copy of the proposed amended complaint or explain how pleading defects could be cured. *Scott v. United States Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam). Likewise, a district court need not grant a motion to amend if doing so would be an

---

[2] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 4**

exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

To the extent Plaintiff seeks to add new claims for bankruptcy fraud or fraudulent concealment to support his equitable tolling argument, any such claims fail for the reasons already stated by the magistrate judge. As Plaintiff did not file any charge alleging discrimination before 2025, it is illogical that Borden Dairy or any Defendant would have or could have sought protection under the Bankruptcy Code in 2020 to avoid liability for his discrimination claims that were not asserted until five years later, *long after the conclusion of the bankruptcy case*. Assuming that a notice of the bankruptcy proceedings was not sent to Plaintiff's correct address, this would not support a fraud claim. Likewise, even assuming that Plaintiff was somehow misled by Defendants regarding certain aspects of the bankruptcy proceeding, this would not support an equitable tolling finding with respect to his discrimination claims.

Moreover, Plaintiff cannot claim that he was prevented from filing a timely charge with the EEOC or TWC because of the bankruptcy proceeding while at the same time claiming that he lacked knowledge of the bankruptcy proceeding because Defendants misled him, as these two positions are inconsistent. Either he had knowledge of the bankruptcy or he did not, but either way, as the magistrate judge correctly notes, this does not explain, and Plaintiff has yet to explain why he was prevented from timely filing a charge under state or federal law or why he delayed for such a long period of time after the conclusion of the bankruptcy before filing a charge.

Accordingly, after considering Plaintiff's pleadings, the Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made by Plaintiff, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. The court, therefore, **overrules** all of Plaintiff's objections.

Order – Page 5

Additionally, to the extent the objections were meant to include a request by Plaintiff to amend his pleadings to add bankruptcy fraud or fraudulent concealment claims, that request is **denied** for the reasons explained, as the court determines that allowing Plaintiff to do so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate*, 822 F.3d at 211). If amendment is sought to cure pleading deficiencies with respect to his discrimination claims, Plaintiff had more than an ample opportunity to explain in his objections why he believes these claims are not time barred. If amendment is sought to add new fraud claims that are not factually or legally related to his discrimination claims, Plaintiff had a similar opportunity to explain why he should be allowed to amend his pleadings for this purpose. Thus, although Plaintiff is proceeding pro se and has not previously filed an Amended Complaint, he had the opportunity to file numerous: (1) "Additional Attachments" to his Complaint between October 2025 and March 2026; and (2) objections to the Report in an effort to either cure the statute of limitations and tolling issues identified by the magistrate judge with respect to his discrimination claims or to explain why he should be allowed to amend his pleadings to add new fraud claims. Despite the numerosity of Plaintiff's filings in this case, he has failed to identify any factual allegations (whether new or old) that would save his discrimination claims from being time-barred or that would support new unrelated standalone claims for fraud. The court, therefore, determines that he has pleaded his "best case" such that amendment would be futile and unnecessarily delay the resolution of this litigation. Accordingly, the court **dismisses with prejudice** this action and Plaintiff's discrimination claims against Defendants under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this

certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**The court will entertain no further objections to the Report from Plaintiff, as the time to do so has long since expired. The court directs the clerk of court to strike any further "supplemental objections" filed by Plaintiff regarding this action. Further, the court warns Plaintiff that, if he violates the court's instruction in this regard, he will be subject to sanctions as previously stated, as well as any other sanctions the court deems appropriate.**

**It is so ordered** this 9th day of April, 2026.

Sam A. Lindsay
United States District Judge

Order – Page 7