IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT LEON DONALDSON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Case No. **3:25-CV-2649-L-BN** |
| | § | |
| **HILAND DAIRY**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Robert Leon Donaldson's ("Plaintiff" or "Mr. Donaldson") Motions for relief from the judgment ("Motions") (Docs. 113, 114, 116, 117), filed between April 10, 2026, and April 20, 2026. Also before the court is Plaintiff's "Notice of Errata" and "Motion to Strike" (Doc. 119), filed May 15, 2026. For the reasons that follow, the court **denies** Plaintiff's Motions (Docs. 113, 114, 116, 117). The court also **denies** Plaintiff's "Notice of Errata" and "Motion to Strike" (Doc. 119).

## I.    Background

Plaintiff filed his *pro se* Complaint in his action on September 30, 2025, asserting claims related to his prior employment at Borden Dairy and his allegedly wrongful termination. (Docs. 3, 6, 10-69). On March 12, 2026, the magistrate judge entered findings of fact, conclusions of law, and a recommendation (Doc. 72) ("Report"), recommending that the court dismiss with prejudice Plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as time-barred. Mr. Donaldson filed 29 separate objections to the Report consisting of 677 pages in total. (Docs. 73, 76-105).

The undersigned overruled all of Mr. Donaldson's objections in its April 9, 2026 order accepting the Report. Doc. 107. On the same date, the court entered the judgment in this case,

**Memorandum Opinion and Order – Page 1**

which dismissed with prejudice all claims asserted by Mr. Donaldson. Doc. 108. In its order accepting the Report, the court also prospectively certified that any appeal of this action would not be taken in good faith. *See* Doc. 107 at 6-7. Before judgment was entered, Mr. Donaldson filed a notice of interlocutory appeal. Doc. 74. He then filed a second notice of appeal after entry of the judgment Doc. 111). In connection with both notices of appeal, he sought leave to proceed *in forma pauperis* ("IFP") (Docs. 75, 112), which the court denied for essentially the same reasons previously explained in the Report and order accepting the Report (Docs. 72, 107)—that the appeals were not taken in good faith.

Mr. Donaldson then proceeded to file his four current Motions for relief from the judgment (Docs. 113, 114, 116, 117). In addition, he filed a "Notice of Equitable Tolling" (Doc. 115) on April 20, 2026; a Notice of Non-Opposition with respect to his "Notice of Equitable Tolling" and Motions for relief from the judgment (Doc. 118) on May 4, 2026; and a "Notice of Errata" and "Motion to Strike" (Doc. 119), filed May 15, 2026.

## II.    Motions for Relief from Judgment (Docs. 113, 114, 116, 117).

Although Mr. Donaldson's Motions seek relief from the judgment pursuant to Federal Rule of Civil Procedure 60, the court determines that the standard applicable to motions filed under Federal Rule of Civil Procedure 59(e) applies to his Motions, as they were all filed within 28 days of the judgment. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (explaining that a motion requesting that a district court reexamine a prior ruling that adjudicates all the claims among all the parties filed "within twenty-eight days after the entry of the judgment . . . is treated as though it was filed under [Federal Rule of Civil Procedure] 59.") (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking

**Memorandum Opinion and Order – Page 2**

reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit.") (citations omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). While its text "does not specify the available grounds for obtaining such relief," the Fifth Circuit has explained that:

> Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence"—not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted).

In his first Motion (Doc. 113), Mr. Donaldson contends that Defendants Borden Dairy and Hiland Dairy fraudulently concealed and misled him from November 2019 to late 2025. According to Mr. Donaldson, after he was allegedly wrongfully terminated by Borden Dairy in 2019, he filed for unemployment benefits in November 2019. Mr. Donaldson further asserts that, between this time and 2024 or 2025, he was told by one or more persons at Borden Dairy (now Hiland Dairy) to reapply for a position, which he did, but in mid-2021 he was told by the new Human Resources Manager that he was "not rehirable." Doc. 113 at 2. Mr. Donaldson alleges that, when he reapplied in 2022, he was not hired because he failed a drug test and was told to reapply in six months. *Id.* Mr. Donaldson alleges that, when he reapplied in 2023, he was told that he was "not rehirable" and to reapply in six months. *Id.* Mr. Donaldson alleges that, when he reapplied in 2024, he was again told that that he was "not rehirable" and to reapply in six months. *Id.*

Mr. Donaldson alleges that, when he reapplied in 2025, the Human Resources Manager told him that he was in the company's database, but Hiland Dairy's records did not say why he was fired. Mr. Donaldson alleges that Hiland Dairy subsequently concluded and told him that he

**Memorandum Opinion and Order – Page 3**

was fired because he abandoned his job with Borden Dairy, and that he should contact his former manager (Nate Glosser) who he worked with at Borden Dairy. Mr. Donaldson asserts that, when he talked to Mr. Glosser in 2025, he was told for the first time that Mr. Glosser did not want to bring back any former Borden Dairy employees. Mr. Donaldson asserts that after learning this, he filed his EEOC complaint in late 2025 for his wrongful termination in 2019. He appears to argue that he waited to file his EEOC complaint because he was misled by Borden Dairy or Hiland Dairy from November 2019 to January 2025 to believe that there was a possibility he could be rehired. Mr. Donaldson also contends that he was misled about Borden Dairy's bankruptcy and did not learn about it until late 2025.

Mr. Donaldson repeats these assertions in his Motion (Doc. 114), arguing that his contentions constitute new evidence. His third Motion (Doc. 116) appears to be a copy of an artificial intelligence or "AI-generated" online search that simply defines "false representation" and "concealment or omission." Mr. Donaldson's "Notice of Equitable Tolling" merely states: "I wan[t] [to] file Equitable Tolling," Doc. 115, and attaches a copy of an "AI-generated" online search that defines "extraordinary circumstances" and "equitable estoppel." His fourth Motion (Doc. 117) similarly appears to be a copy of an "AI-generated" online search that defines "Motion for Correction" under Rule 60(a).

As a preliminary matter, Mr. Donaldson's unsupported assertions—that he did not file an EEOC complaint before late 2025 because he was deceived and misled by Borden Dairy or Hiland Dairy into believing that he would be rehired—are not evidence. Likewise, such assertions do not constitute new evidence, as he was obviously aware of the alleged deception by Borden Dairy or Hiland Dairy when he filed this action or before the magistrate judge issued his Report on March 12, 2026. Moreover, while Mr. Donaldson has repeatedly taken the position in this case that he

**Memorandum Opinion and Order – Page 4**

was "wrongfully terminated," *see, e.g.*, Doc. 12 at 11; Doc. 20 at 2, the only explanation provided by him before issuance of the magistrate judge's Report for his failure to timely file an EEOC complaint was his own lack of knowledge of the law and bar date, his busy family schedule, and his homelessness. He also previously claimed that he was unaware of Borden Dairy's bankruptcy, but this does not explain why he would have prevented him from timely filing an EEOC complaint after his employment was terminated.

Further, even liberally construing Plaintiff's Motions as one to amend his pleadings pursuant to Federal Rule of Civil Procedure 15(a) to allege facts supporting equitable tolling, the court determines that any such request should be denied. The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). "Equitable tolling applies to [a] plaintiff's deadline for filing an EEOC charge only in extraordinary circumstances, such as whe[n] the parties have a pending case in the wrong forum, . . . [the] plaintiff is unaware of the facts as a result of defendant's purposeful concealment, and . . . [the] EEOC misleads plaintiff about the claim." *Deleon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293-94 (5th Cir. 2014) (per curiam) (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (concluding that its precedent "leaves the door open to recognize other" bases for equitable tolling in this regard but recognizing that "[e]quitable tolling is to be applied 'sparingly'"

**Memorandum Opinion and Order – Page 5**

and that "[t]he plaintiff has the burden to provide justification for" its application) (citations omitted)).

As noted, Plaintiff has consistently taken the position that he was wrongfully terminated and, therefore, sought unemployment benefits, but he does not allege and has never alleged that he was unaware of any facts needed to timely file an EEOC complaint as a result of Borden Dairy or Hiland Dairy's allegedly purposeful concealment of such facts. In other words, any suggestion by Borden Dairy or Hiland Dairy that he might be rehired, or Plaintiff's belief that he might be rehired did not prevent him from timely filing an EEOC complaint after his employment was terminated in November 2019. Likewise, information regarding Borden Dairy's bankruptcy proceeding was not necessary for him to timely file an EEOC complaint. Consequently, such allegations would not support the extraordinary circumstances required for equitable tolling, and any attempt by him at amending his pleadings for this purpose would be futile.

Thus, Plaintiff's Motions fail to establish his entitlement to relief under Rule 59(e), as they do not present any newly discovered evidence that could question the correctness of the judgment; and Plaintiff has not pointed to any change in controlling law since the entry of the judgment or identified a manifest error of law or fact justifying relief. His Motions (Docs. 113, 114, 116, 117) will, therefore, be denied notwithstanding the lack of opposition from Defendants to the Motions. In addition, even construing Plaintiff's Motions as a request to amend his pleadings, the allegations in his Motions do not satisfy the requirements for equitable tolling.

## III.    "Notice of Errata" and "Motion to Strike" (Doc. 119)

In his "Notice of Errata" and "Motion to Strike" (Doc. 119), filed May 15, 2026, Plaintiff seeks to strike an affidavit or sworn declaration on the grounds that he "neve[r] said anything about a hug[;] only to the Equal Employment Opportunity Commission or EEOC in 2025 after Mr. Nate

**Memorandum Opinion and Order – Page 6**

Glosser told [him] he didn[']t wan[t] [to] bring any old Borden Dairy workers back [, and] they have to move on to Hiland [D]airy." *Id.* at 1. It is not clear to the court whose affidavit or declaration Mr. Donaldson is referencing in his "Notice of Errata" and "Motion to Strike." Regardless, it does not affect the court's determination regarding his other Motions, and it does not provide grounds for relief under Rule 60, which applies to motions for postjudgment relief filed more than 28 days after entry of judgment.[*] Additionally, this request adds nothing to the

---

[*] Rule 60(b) states as follows regarding the grounds for relief from a final judgment, order, or proceeding:

> (b) . . . On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)). Motions under Rule 60(b)(6) are granted "only [when] extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)). Rule 60(d) further provides that Rule 60 does not limit a court's power to:

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action, or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Rule 60(a) also allows for corrections, but such corrections are limited to clerical mistakes or mistakes arising from oversight or omission in a judgment, an order, or the record. Fed. R. Civ. P. 60(a). Additionally, corrections under Rule 60(a) may only be corrected with the appellate court's leave "after an appeal has been docketed in the appellate court and while it is pending[.]" *Id.*

**Memorandum Opinion and Order – Page 7**

court's prior analysis regarding the futility of any request by him to amend his pleadings to include equitable tolling factual allegations.

## IV.    Conclusion

For all of the reasons explained, the court determines that Plaintiff is not entitled to relief under Rule 59(e) or Rule 60. The court, therefore, **denies** his Motions for relief from the judgment (Docs. 113, 114, 116, 117). The court also **denies** Plaintiff's "Notice of Errata" and "Motion to Strike" (Doc. 119), which the court determined does not affect its ruling on the other Motions. Given the court's determination that any request by Plaintiff to amend his pleadings to include equitable tolling factual allegations would be futile, it also **denies** any such request.

The court also prospectively **certifies** that any appeal of this memorandum opinion and order by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report and the court's order accepting the Report (Docs. 72, 107). *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997). Based on the Report and the court's order accepting the Report, the undersigned concludes that any appeal of this order by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 19th day of May, 2026.

Sam A. Lindsay
United States District Judge

Memorandum Opinion and Order – Page 8